UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>            Plaintiff,<br><br> v.<br><br>MORENO, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-00230-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING THIS LAWSUIT<br><br>RESPONSE DUE IN THIRTY DAYS |

      Plaintiff Ramello Randle is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint on February 21, 2025. (ECF No. 1). Plaintiff claims that poor prison conditions resulting from the deliberate indifference of Defendants have caused him and his cellmate to have health issues. (*Id.* at 13).

      It appears from the face of the Complaint that Plaintiff did not exhaust his administrative remedies before filing this action.  Accordingly, the Court will order Plaintiff to file a response within thirty days, explaining why this action should not be dismissed for failure to exhaust available administrative remedies. Such a dismissal would be without prejudice, so that Plaintiff may refile the action after exhausting administrative remedies, to the extent those remedies are still available.  In the alternative, Plaintiff may file a notice of voluntary dismissal,

1

in which case the Court will dismiss Plaintiff's case without prejudice to Plaintiff refiling the complaint after exhausting administrative remedies.

## I.    LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## II.    ANALYSIS

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action.

The Court acknowledges that Plaintiff's complaint has checked the boxes indicating that he appealed his request for administrative relief to the highest level. (ECF No. 1, at p. 3).

However, there is also a section of Plaintiff's complaint labelled "Exhaustion of Remedies," that appears to indicate otherwise. Specifically, in that section of the complaint, Plaintiff states:

> Myself and my cell-mate Jerome Birchett filed numerous of grievances regarding said matters in /this complaint.
>
> I have multiple witnesses who actually witnessed the effects mentioned in this complaint with written declarations.
>
> The event that occurred on 1-17-25 is on camera body camera of officer cambell and officer Morena also on the housing unit cameras.

(ECF No. 1, at p. 13). Notably, this section does not describe Plaintiff receiving any response to his grievances on this issue, filing an appeal of a grievance on this issue to the highest level, or receiving a response from such an appeal.

Additionally, the dates of the underlying events make it unlikely that Plaintiff had sufficient time to exhaust all administrative remedies before filing his complaint. Plaintiff alleges that he was first moved to cell 118 on December 15, 2024, and that his cell was flooded with sewer water for the following month. Plaintiff also states that on January 17, 2025, Plaintiff and his cellmate stopped at Officer Moreno and Officer Campbell's office "and once again we notified them can they help us with our cell and cleaning supplies and nothing was done." (ECF No. 1, at p. 11). Plaintiff then alleges that on January 17, 2025, Plaintiff slipped on a puddle of water that came from his call flooding. (ECF No. 1, at p. 11-12).

However, Plaintiff's complaint is signed on January 21, 2025. (ECF No. 1, at p. 14). This is just a few days after Plaintiff alleges that he spoke to Officers Moreno and Campbell, and slipped on a puddle of water. Even going by the date the complaint was filed, on February 21, 2025, it is unlikely that Plaintiff had sufficient time to exhaust his administrative remedies by filing a grievance, receiving a response to a grievance, appealing that response, and receiving a final response to any grievance.

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust available administrative remedies before filing this lawsuit. The Court notes that this dismissal would be without prejudice. Therefore, if Plaintiff exhausts his

administrative remedies in the future, he could refile the complaint.

In response to this order, the Court also welcomes Plaintiff to file any documents he believes demonstrates that he has exhausted all available administrative remedies.

### III.     CONCLUSION AND ORDER TO SHOW CAUSE

Accordingly, **IT IS ORDERED** that,

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.
2. Alternatively, Plaintiff may file a notice of voluntary dismissal, in which case the Court will dismiss the case without prejudice such that Plaintiff may refile the case after exhausting administrative remedies.
3. A failure to comply with this order may result in the dismissal of Plaintiff's case.

IT IS SO ORDERED.

Dated:   **August 8, 2025**                              /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE