UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>                Plaintiff,<br><br> v.<br><br>MORENO, *et al.*,<br><br>                Defendants. | Case No. 1:25-cv-00230-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING THE LAWSUIT<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

Plaintiff Ramello Randle is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff filed a complaint on February 21, 2025, and alleges that Defendants deliberate indifference resulted in poor prison conditions that caused him and his cellmate to have health issues. (ECF No. 1, pp.1, 13).

Because it appeared from the face of the complaint that Plaintiff did not exhaust his administrative remedies before filing this action, on August 8, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies before filing this lawsuit. (ECF No. 11). The Court gave Plaintiff 30

1

days to respond to the Order to Show Cause.  More than 30 days have passed, and Plaintiff has not responded to the Order to Show Cause.

Accordingly, because it is apparent from Plaintiff's complaint that he failed to exhaust administrative remedies before filing this lawsuit, the Court recommends that this case be dismissed without prejudice for failure to exhaust administrative remedies.

## I. PLAINTIFF'S COMPLAINT

Plaintiff filed the complaint on February 21, 2025.  (ECF No. 1).  Plaintiff alleges that he was moved to cell 118 on December 15, 2024. (ECF No. 1, p. 9). Over the following month, Plaintiff alleges that his cell was flooded daily with sewer water leaking from the corner areas of the floor and ceiling of the cell. (*Id.*). Plaintiff contends that he informed "every officer who works this building" about the flooding, and that the officers claimed they had submitted work orders. (*Id.*). On December 31, 2024, Plaintiff received a cellmate, Jerome Birchett, and Plaintiff alleges that from January 1, 2025, until January 7, 2025, his cellmate was sick due to breathing in the sewer water. (*Id.*). Plaintiff further claims that on January 17, 2025, he and his cellmate informed Officers Moreno and Campbell about the cell and requested cleaning supplies, but nothing was done. (*Id.,* p.11*).* On that same day, Plaintiff claims he slipped on a puddle of water that was the result of the flooded cell. (*Id.,* pp.11-12).

Within Plaintiff's complaint, boxes are marked indicating that there are administrative remedies available at the institution, that Plaintiff submitted a request for administrative relief, and Plaintiff appealed his request for administrative relief to the highest level. (ECF No. 1, p.3). However, later in the complaint, Plaintiff has a section labeled, "Exhaustion of Remedies" which states:

> Myself and my cell-mate Jerome Birchett filed numerous of grievances regarding said matters in /this complaint.
>
> I have multiple witnesses who actually witnessed the effects mentioned in this complaint with written declarations.
>
> The event that occurred on 1-17-25 is on camera body camera of officer cambell [sic] and officer Morena also on the housing unit cameras.

(*Id.,* p. 13). Notably, this section does not contain any information on whether Plaintiff received any response to his grievances on the issue, if Plaintiff filed an appeal of the grievance to the highest level, or if there was an appeal filed, the response received to that appeal.

Plaintiff signed the complaint on January 21, 2025. (ECF No. 1, p.14).

## II.   LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

## III.   ANALYSIS

It is apparent from the face of the complaint that Plaintiff did not exhaust his available administrative remedies before filing this action.

Although Plaintiff checked the boxes indicating that he submitted a request for administrative relief and appealed his request (ECF No. 1, at p. 3), Plaintiff's factual allegations demonstrate that he did not exhaust the grievance process before filing this lawsuit.

As described above, Plaintiff's complaint contains a section labeled, "Exhaustion of Remedies" which states:

> Myself and my cell-mate Jerome Birchett filed numerous of grievances regarding said matters in /this complaint.
>
> I have multiple witnesses who actually witnessed the effects mentioned in this complaint with written declarations.
>
> The event that occurred on 1-17-25 is on camera body camera of officer cambell [sic] and officer Morena also on the housing unit cameras.

(*Id.,* p. 13). Although the complaint states that Plaintiff filed grievances related to the incident, it does not describe receiving any response to those grievances, appealing any response to the highest level, and receiving any response from such appeal.

Moreover, according to the dates of the underlying incident, Plaintiff would not have sufficient time to complete the grievance process before filing his lawsuit. Specifically, Plaintiff alleges that he was moved to his affected cell on December 15, 2024, and that for the following month the cell was flooded with sewer water. He also alleges that, on January 17, 2025, he and his cellmate informed Officers Moreno and Campbell about the cell and requested cleaning supplies, but nothing was done. On that same day, Plaintiff claims he slipped on a puddle of water that was the result of the flooded cell. (*Id.,* pp.11-12).

However, Plaintiff's complaint is signed on January 21, 2025, four days after Plaintiff alleges he was denied cleaning supplies and slipped on a puddle of water. Even considering the date the complaint was filed—February 21, 2025—Plaintiff would not have sufficient time to exhaust administrative remedies between the incidents and the filing of this lawsuit.

Finally, Plaintiff has not responded to the Court's order to show cause why the case should not be dismissed for failure to exhaust administrative remedies before filing this case. (ECF No. 11).

Accordingly, this action should be dismissed for failure to exhaust available administrative remedies. The Court notes that this dismissal is without prejudice. Therefore, if Plaintiff exhausts his administrative remedies in the future, he could refile the complaint.

## IV.   CONCLUSION AND ORDER

It is apparent from the face of the complaint that Plaintiff failed to exhaust administrative remedies available to him prior to filing this action.

Accordingly, **IT IS RECOMMENDED** that:

1. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing this suit; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Any objections shall be limited to no more than 15 pages including exhibits.

IT IS SO ORDERED.

Dated: **October 8, 2025**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE